PeabsoN, C. J.
 

 Joshua Williams died in 1848, leaving a will, by which, after providing for his wife, he gives to his daughter, Ann, (who was their only child,) all the residue of his propeiMy, both
 
 real
 
 and
 
 personal
 
 / but if she should die, leaving no child living at her death, “ then her estate, both real and personal, to be divided into four parts. I give one
 
 *383
 
 part to my sister, Elizabeth Hackney, and her heirs forever ; one part to my brother, Anderson, and his heirs forever; one part to my
 
 other
 
 lawful heirs, and the
 
 other fourth pmd to foreign
 
 missions,
 
 to he paid over
 
 to.
 
 the t/reasivrer of that
 
 board,
 
 to be appropriated to that purpose? “
 
 If there should be any property, either real or personal, not given away heretofore, it is to be equally divided between
 
 all
 
 my legal heirs.”
 

 Anne,
 
 the only child of the testator, died intestate, and without leaving a child, in the year-1851. Elizabeth Hackney and Anderson Williams, outlived the testator, but died before his daughter, Anne. Dolly Bynum, Dorcas Neville, and Nimrod Williams, are the sisters and brother of the testator, and the several other plaintiifs and defendants are the children of deceased brothers and sisters, who died in his lifetime.
 

 Elizabeth Hackney and Anderson Williams, were each entitled to one fourth of the real and personal property, given to Anne, upon the contingency of her death “ without leaving legal heirs of her body.”
 

 It is settled, that when the person is known, but the event is uncertain, a contingent remainder, conditional limitation or executory devise is transmissible by descent, and such an interest in personal property passes by. succession to the personal representative. (See
 
 Fearne.)
 
 So, although Elizabeth Hackney and Anderson Williams died before the contingency happened, the interest of each, respectively, in the real estate, was transmitted by descent to their heirs, and their interest in the personal estate, passed to their respective personal representatives.
 

 One other fourth part of the real and personal estate is given to the testator’s “
 
 other lawful heirs?-
 

 When used in a limitation over, of personal estate, the word, “ heirs,” unexplained and standing by itself, is held to mean “ distributees,” or the persons entitled under the statute of distributions; but where a fund, composed of both real and personal estate, is given over to the testator’s
 
 “
 
 heirs,” and it is apparent that he intends the same persons to take
 
 *384
 
 both estates, it is settled, that inasmuch as by force of the word, “ heirs,” ip its appropriate and; technical sense, the heir-at-law is entitled to the real estate, he is also entitled to the- personal estate, because of the intention that both should go together; 2 Jarman on Wills, 22-’3, and notes; 4 Kent, 537, note;
 
 Gwynn
 
 v. Murdoch, 14 Vesey, 488;
 
 McCabe
 
 v.
 
 Spruill, 1
 
 Dev. Eq. 189. It follows that this fourth part, both of the personal and real estate, upon the death of the testator’s daughter, vested in those persons wbo were then his heirs-at-law, to wit: his sisters and brother, and the children of his deceased brothers and sisters, who bring themselves up, by the right of representation, and take the shares, their parents, if alive, would have taken. But inasmuch as, by the word “ other,” in direct reference to Elizabeth Hackney and Anderson Williams, the testator expresses his intention that they (to each of whom he had given one fourth part) should be excluded from this fourth part, it follows that their children, who can only bring themselves up to an equality with their aunts and uncle by representing their parents, have no-right to- any part of this fourth.
 

 The other fourth part of the real and personal estate is giw en over to “ foreign missions, to be paid to the treasurer of that board, and to be appropriated to that purpose.” It is conceded, that these words are too vague and uncertain to-veBt any interest in any person or corporation. So this fourth part falls into the residuum, and passes to the “ legal heirs” of the testator. The persons entitled to take, under the word heirs, have been already indicated. There being no- word of exclusion, the children of Elizabeth Hackney and of Anderson Williams, represent their parents, and take a share of this .fourth part. It is settled, that the effeet of the word “ equally,” is to require the distribution tobe made^e?
 
 capita: Freemam,
 
 v.
 
 Knight,
 
 2 Ired. Eq. 76, and as is said in that case, “ whatever might be thought of these distinctions, were the matter now a new one, to disregard them, at this day, would be
 
 quieta momre
 

 Pee Curiam, Decree accordingly.